IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BRIDGET HINCHMAN,       ) | |
|     Plaintiff,       ) | |
| ) | |
| v.       ) | Case No. 1:23-cv-594 |
| ) | |
| PERFORMANCE FOOD GROUP, INC.,   ) | |
|     Defendant       ) | |
| ) | |

## MEMORANDUM OPINION

In this removed case, Plaintiff Bridget Hinchman sued her former employer alleging state-law claims for gender- and sex-based disparate treatment and harassment, in violation of the Virginia Human Rights Act, Va. Code. § 2.2-3900 *et seq.* ("VHRA"). Plaintiff also claims that she was retaliated against and terminated, in violation of the Virginia Whistleblower Protection Act, Va. Code § 40.1-27.3, when she reported to her employer that the employer's practice of recording goods as present in a warehouse even if the goods had not yet been received violated the Sarbanes-Oxley Act. *See, e.g.*, 18 U.S.C. 1514A. Defendant Performance Food Group, Inc., responded by removing this case to federal court on the ground that the Complaint raised a federal question and then moving to dismiss the complaint, pursuant to Rule 12(b)(6), Fed. R. Civ. P. for failure to state a claim. Plaintiff has now moved to remand this case to state court, arguing that no federal question is raised in the Complaint. The motion to dismiss and the motion to remand have both been thoroughly briefed, and the motion to remand was also argued orally at a hearing on June 23, 2023. For the reasons that follow, the motion to remand must be granted, as plaintiff's state-law claims do not raise a federal question. Given this, it is neither necessary nor appropriate to address defendant's motion to dismiss.

1

## I.

The Complaint alleges the following relevant facts:

- In 2018, defendant recruited plaintiff to apply for a management position. Throughout the interview process, defendant suggested that the position would be based in Louisville, Kentucky. But defendant was also interviewing another candidate—a male—who wanted to work in Louisville. So defendant offered plaintiff a management role in Manassas, VA.

- Plaintiff was initially offered a salary of $150,000.00. Plaintiff requested a salary of $185,000.00. Defendant denied the request, stating that the role was only budgeted for $150,000.00. This was untrue; the role was budgeted for $165,000.00.

- Plaintiff was also hired with the expectation that her title would be "President." But plaintiff was given the title of "General Manager," though her male counterpart in Louisville was given the title of "President."

- When plaintiff complained of her title and salary discrepancies, her employer stated that she was not supposed to know what others made, but that the title and salary discrepancies would be fixed in the next budget.

- In the Spring of 2019, plaintiff's team received calls from clients complaining that they had not received certain core deliveries. Plaintiff checked the inventory system, and there appeared to be no inventory issue. But when plaintiff further investigated the matter, she discovered that defendant engaged in a "pre-receiving" process for inventory management. Under that process, a purchase order was marked as present in the warehouse even if it was still in transit. This allowed for accelerated delivery if all went smoothly but posed a problem if there were shipping delays.

- Plaintiff informed her team, her supervisor, and her company's management that they could not engage in this pre-receiving practice, as she believed it violated the federal Sarbanes-Oxley Act. Plaintiff explained that the Sarbanes-Oxley Act requires accurate reporting to shareholders, and that, in her view, by engaging in the pre-receiving process, defendant's records did not accurately reflect the available inventory, but reflected instead more inventory than was actually available at any given time. Despite plaintiff's protests, defendant continued the pre-receiving process.

- The next year, in January 2020, defendant underwent a restructuring, and plaintiff received a new supervisor. Plaintiff's new supervisor called plaintiff "fat" and "lazy" based on her weight; told plaintiff that wearing short sleeves was unprofessional because women should cover their arms; and called plaintiff's same-sex relationship with her wife unnatural. This conduct continued throughout plaintiff's employment with defendant.

- In April 2022, plaintiff was terminated on the same day she failed to certify compliance with the Sarbanes-Oxley Act. Less than two weeks later, defendant hired a straight male candidate with less experience to replace plaintiff.

- On March 31, 2023, plaintiff filed a complaint against defendant in the Circuit Court for the County of Prince William. In the Complaint, plaintiff asserts six causes of action. The first four are for discrimination in violation of the VHRA. And the fifth and sixth counts are for retaliation in violation of the Virginia Whistleblower Protection Act, Va. Code § 40.1-27.3.

- Plaintiff does not assert any federal causes of action. Although plaintiff does mention the Sarbanes-Oxley Act in the complaint, she does so only because it is relevant as a factual matter to plaintiff's whistleblower claims because plaintiff argues that she was fired in retaliation for reporting perceived violations of the Sarbanes-Oxley Act.

- Despite the lack of diversity—both parties are citizens of Virginia—and the lack of a federal cause of action, defendant removed this case to federal court on May 3, 2023. In doing so, defendant argued that federal-question jurisdiction was proper with respect to the Virginia-whistleblower claims and supplemental jurisdiction was proper with respect to the VHRA claims. Although defendant acknowledged that the Virginia-whistleblower claims are not federal claims, defendant argued that they necessarily implicate legal questions surrounding the Sarbanes-Oxley Act.

## II.

At issue now is whether the Complaint, which asserts only state-law causes of action, nonetheless supports defendant's claim that the Complaint raises a federal question and thus supports removal jurisdiction. The parties correctly acknowledge that courts have federal-question jurisdiction over civil actions "arising under" federal law. 28 U.S.C. § 1331. In general, cases "arise under" federal law only when federal law—not state law—creates the asserted cause or causes of action. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). But there is a narrow exception to this general rule: federal-question jurisdiction over state-law causes of action is proper where "the plaintiff's right to relief necessarily depends on *resolution* of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983) (emphasis added). Importantly, the Supreme Court has cautioned that this exception applies only to a "slim category" of cases. *Gunn v. Minton*, 568 U.S. 251, 258 (2013). The Court

3

has also made clear that this slim category of cases lies at "the outer reaches of § 1331," and courts must be cautious when applying this exception. *Merrell Dow*, 478 U.S. at 810. Moreover, as the Court has also noted, "the mere presence of a federal issue in a state cause of action" is not enough to confer jurisdiction. *Merrell Dow*, 478 U.S. at 813.[1] In summary, the Supreme Court has made clear that "federal jurisdiction over a state law claim" exists only if "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. All four of these requirements must be satisfied before a federal court can exercise jurisdiction in non-diverse cases asserting state-law causes of action. *Id.* Given this, it is unmistakably clear that plaintiff's Virginia-whistleblower claims in this case do not confer federal-question jurisdiction.

The first and second factors—whether a federal issue is (1) necessarily raised and (2) actually disputed—are interrelated, and thus collapse together into a single inquiry. *See Burrell*, 918 F.3d at 381 (considering the first and second requirements together). In essence, the Supreme Court has emphasized that a federal question is raised and actually disputed only if a federal question is a "necessary element of one of the well-pleaded state claims" and the federal question must be resolved in order to resolve the state claim. *Franchise Tax Bd.*, 463 U.S. at 13.

In *Burrell v. Bayer Corp.*, the Fourth Circuit elaborated on the test for determining when a state-law claim necessarily raises an actually disputed federal question. At issue there was whether a federal court properly exercised federal-question jurisdiction over state-law claims such as negligence, breach of warranties, and fraud. *Burrell*, 918 F.3d at 378. The defendant in *Burrell* argued that federal-question jurisdiction was proper because the plaintiff's complaint alleged

---

[1] Were the law otherwise, "innumerable claims traditionally heard in state court would be funneled to federal court instead, raising serious federal-state conflicts." *Burrell*, 918 F.3d at 380 (internal quotation marks and citation omitted). This rule is necessary to prevent parties from seeking to claim federal-question jurisdiction simply by interjecting some tangential federal issue into an otherwise-exclusively state-law question.

4

"numerous violations of federal regulatory requirements that parallel[ed] state-law duties." *Id.* at 381. The Fourth Circuit rejected this argument, noting that federal-question jurisdiction was inappropriate because a federal question was not "necessarily raised" by the complaint in that case. *Burrell*, 918 F.3d at 381. According to the Fourth Circuit, the mere fact that a complaint is replete with references to federal law does not confer federal-question jurisdiction. *Id.* Rather, the Fourth Circuit emphasized that federal-question jurisdiction is improper unless a plaintiff's case requires resolution of a federal question of law. *Id.* The lesson from the Fourth Circuit's *Burrell* opinion is thus clear: a federal question is raised only if resolution of a plaintiff's state-law claim necessarily requires interpretation and resolution of some question of federal law.

Here, defendant argues that plaintiff's Virginia-whistleblower claims require resolving legal questions concerning the Sarbanes-Oxley Act. Defendant is mistaken. Whether defendant violated the Virginia-whistleblower law does not require resolution of any federal question. This is so because the Virginia-whistleblower law prevents an employer from discharging an employee due to the employee's "good faith report[]" of a "violation of any federal or state law or regulation to a supervisor or to any governmental body or law-enforcement official." Va. Code. § 40.1-27.3. And the Supreme Court of Virginia has noted that the "[g]ood faith . . . test is a subjective one" and that an "act is deemed to be done in good faith" if the act "is done honestly." *Lawton v. Walker*, 231 Va. 247, 251 (1986). Thus, "good faith is determined by looking to the mind" of the relevant person. *Id.* It is clear, then, that the accuracy of plaintiff's Sarbanes-Oxley Act report is not relevant to whether defendant violated the Virginia-whistleblower law; instead, what matters is whether plaintiff honestly believed that defendant violated the Sarbanes-Oxley Act.

The conclusion that federal-question jurisdiction is improper here does not stand alone. Although the Virginia-whistleblower statute is relatively new, other states have similar statutes

providing relief when an employee is terminated for reporting a violation of some federal law. When parties to those cases invoked federal jurisdiction, courts instead concluded that such actions belong in state court.[2] Particularly pertinent here are three cases. For example, one district court concluded that it lacked federal-question jurisdiction over a plaintiff's claim under a similar whistleblower statute from Minnesota and thus remanded that action to state court. *Martinson v. Mahube-Otwa Cmty. Action P'ship*, 371 F. Supp. 3d 568, 577 (D. Minn. 2019). In *Martinson*, the fact that the whistleblower claim contained "an embedded federal issue" of fact was not enough to confer federal-question jurisdiction because a contrary conclusion would have upset "the sound division of labor between state and federal courts." *Id.* Also pertinent here is a federal district court in California's conclusion that a plaintiff's claim pursuant to California's whistleblower statute did not necessarily raise a federal question, because, as here, the plaintiff was not required to prove an actual violation of federal law; instead the plaintiff only had to demonstrate that her suspicions were "reasonably based." *Garcia v. Merchs. Bank of Cal.*, 2017 WL 4150870, at *2 (C.D. Cal. Sep. 19, 2017). And federal-question jurisdiction was improper even where a state-law whistleblower statute required that the plaintiff demonstrate an *actual violation* of some federal law. *Bonnafant v. Chico's FAS, Inc.*, 17 F. Supp. 3d 1196, 1201 (S.D. Fla. 2014). This was because proving a violation of some federal law as a predicate to a whistleblower claim did not raise a "substantial" federal question under the *Gunn* test. *Id.* at 1202. Federal courts are thus in accord: state whistleblower statutes do not confer federal-question jurisdiction.

Defendant mistakenly relies on *In re Capital One Derivative Shareholder Litigation*, 2012 WL 6725613 (E.D. Va. Dec. 21, 2012) and *Townes Telecommunications, Inc. v. National*

---

[2] *See, e.g., Martinson v. Mahube-Otwa Cmty. Action P'ship*, 371 F. Supp. 3d 568, 577 (D. Minn. 2019); *Garcia v. Merchs. Bank of Cal.*, 2017 WL 4150870, at *2 (C.D. Cal. Sep. 19, 2017); *Bonnafant v. Chico's FAS, Inc.*, 17 F. Supp. 3d 1196, 1201 (S.D. Fla. 2014).

*Telecommunications Cooperative Association*, 391 F. Supp. 3d 585 (E.D. Va. 2019), as both cases are distinguishable. It is true that, in both cases, the Supreme Court's four-factor inquiry was applied to find a federal question hidden within a state-law cause of action. But the facts of those cases were markedly different from the facts here. In *In re Capital One Derivative Shareholder Litigation*, the plaintiffs asserted state-law breach-of-fiduciary-duty claims predicated on purported breaches of federal regulations. 2012 WL 6725613, at *4. But there, the plaintiffs had to demonstrate an actual violation of a federal regulation to prevail. *Id.* at *6. That is different from this case, as the plaintiff here does not need to demonstrate an actual violation of the Sarbanes-Oxley Act to prevail. In the same way, this case also differs from *Townes Telecommunications*. There, the plaintiffs sued the trustee of their pension plan alleging that the defendant's imposition and calculation of withdrawal liability violated Virginia law. *Townes Telecomms., Inc.*, 391 F. Supp. 3d at 588. Notably, the plaintiffs there could not "succeed on either of their claims without resolution of [an] ERISA issue." *Id.* at 590. Here, however, plaintiff can succeed without resolution of any Sarbanes-Oxley issue; plaintiff must have made a good faith report of a Sarbanes-Oxley violation, not necessarily an accurate or meritorious one. Thus, both of the cases defendant relies on are quite distinguishable.

In an attempt to interject a federal issue into this case, defendant argues that the Virginia-whistleblower statute permits a *defense* in which a federal issue is embedded. True, the Virginia-whistleblower statute provides that an employer may defend against an action by showing that an employee made a report "knowing that [it was] false or that [it was] in reckless disregard of the truth." Va. Code. § 40.1-27.3(B)(2). In defendant's telling, because recklessness is an objective standard, whether plaintiff's report of purported Sarbanes-Oxley violations was made in reckless disregard of the truth depends on whether the relevant conduct could plausibly be considered a

Sarbanes-Oxley violation. But there are at least two problems with this argument. First, defendant leaves out critical context: it is a defense to show that plaintiff made a report "***knowing*** that . . . [it was] in reckless disregard of the truth." *Id.* (emphasis added). Thus, the relevant inquiry is whether plaintiff *knew* that her statement—that the defendant was engaging in pre-receiving, which was a violation of the Sarbanes-Oxley Act—was in reckless disregard of the truth. This inquiry is subjective; one Virginia court has analyzed this defense to require inquiry into the plaintiff's subjective state of mind. *Alexander v. City of Chesapeake*, 2021 WL 8775735, at *1 (Va. Cir. Ct. May 20, 2021). A successful defense thus depends on plaintiff's subjective state of mind—did the plaintiff make the statement knowing that it was false or in reckless disregard of the truth. The defense does not require any objective inquiry into the Sarbanes-Oxley Act.

But even if defendant were correct that this defense requires resolution of a Sarbanes-Oxley Act question, federal-question jurisdiction would still be improper. This is so because, as the Fourth Circuit has held, whether federal-question jurisdiction is proper depends on the plaintiff's cause of action, not on any defenses that a defendant may assert. *Burrell*, 918 F.3d at 381. Indeed, the law on this point is clear: a case "may not be removed to federal court . . . on the basis of a federal defense." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 443 (4th Cir. 2005) (quoting *Franchise Tax Bd.*, 463 U.S. at 14). Thus, defendant's argument regarding its potential defense fails because defendant misreads the statute and, in any event, because defenses cannot confer federal-question jurisdiction. In sum, because resolution of this case does not turn on resolution of any federal question, defendant has failed to demonstrate that a federal question is (1) necessarily raised and (2) actually disputed.[3]

---

[3] Because this case does not implicate a federal issue, it is unnecessary to consider the remaining *Gunn* factors, namely, whether an implicated federal issue is substantial and capable of resolution in federal court without disturbing the federal-state balance approved by Congress. *Gunn*, 568 U.S. at 258. In other words, the lack of a federal issue is fatal to federal-question jurisdiction.

Seeking to avoid the conclusion that federal-question jurisdiction is improper, defendant makes two arguments, neither of which is persuasive. First, defendant appears to argue that plaintiff's Virginia-whistleblower claims are merely Sarbanes-Oxley retaliation claims in disguise. As proof, defendant notes only that plaintiff filed a Sarbanes-Oxley complaint with the United States Department of Labor ("DOL"). But, as the Supreme Court and the Fourth Circuit have recognized, "a plaintiff is the 'master of the claim,' and [s]he may 'avoid federal jurisdiction by exclusive reliance on state law' in drafting h[er] complaint." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Put another way, plaintiff's past decision to pursue administrative remedies under the Sarbanes-Oxley Act does not preclude her from pursuing state-law remedies under the Virginia-whistleblower act. Defendant's first argument is thus unavailing.

Second, in its brief, defendant appears to allude to an argument that the Sarbanes-Oxley Act preempts the Virginia-whistleblower statute. This argument, however, is meritless. The Sarbanes-Oxley Act specifically states that its retaliation provision does not preempt any state statute that provides other rights or remedies to employees. 18 U.S.C. § 1514A(d) ("Nothing in this section shall be deemed to diminish the rights, privileges, or remedies of any employee under any Federal or State law, or under any collective bargaining agreement."). Understandably, then, defendant abandoned this argument at oral argument. The Sarbanes-Oxley Act thus does not preempt the Virginia-whistleblower statute.

\*   \*   \*

In summary, the Complaint's allegations of Virginia-whistleblower violations do not raise a federal question. Given this, it is unnecessary to consider whether supplemental jurisdiction

exists over the remainder of the Complaint.  *See* 28 U.S.C. § 1367.  It is therefore appropriate to grant plaintiff's motion to remand this matter to the Circuit Court of Prince William County.

An appropriate Order will issue.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

Alexandria, Virginia
July 14, 2023

/s/
T. S. Ellis, III
United States District Judge